R. J. WOODWORTH *et al.* v. THOMAS BOWLES *et al.*

No. 11,482.    (60 Pac. 331.)

1. CORPORATIONS—*Liability of Stockholders.* The constitutional provision, article 12, section 2, that "dues from corporations shall be secured by individual liability of the stockholders to an additional amount equal to the stock owned by each stockholder, and such other means as shall be provided by law," is not self-executing but requires legislative action to give it effect.

2. ———— *Statutory Provisions Construed—Procedure.* The legislation required by the above clause of the constitution was had by sections 49 and 50, chapter 66, General Statutes of 1897, which provides for separate proceedings by each creditor in his own right. *Held*, therefore, that the creditor's remedy can be pursued only under the conditions prescribed and in the modes authorized by such statutes, and that a petition by one of the creditors in behalf of himself and others to enforce the liability of the stockholders and to distribute the amounts collected cannot be maintained.

3. ———— *Relation between Creditors and Stockholders Contractual.* The effect of the statutes which obligate the stockholders of a corporation to pay its indebtedness to an amount equal to the stock owned by them, and which authorize the institution and maintenance of proceedings by the creditors to enforce the liability, is to make the relation between the creditors and stockholders contractual in its nature, and such relation, being contractual, is therefore within the protection of the clause of the federal constitution which forbids the states from passing laws impairing the obligation of contracts.

4. ———— *Act of 1897—Right of Receiver.* Section 55, chapter 47, Laws of 1897 (Gen. Stat. 1897, ch. 18, § 51; Gen. Stat. 1899, § 461), which authorizes receivers of insolvent banks to institute

actions for the enforcement of the statutory liability of the stock-
holders of the bank for equal distribution among its creditors, and
which suspends the creditor's right, previously given, to proceed
for himself against the stockholders, for one year, to await the
action of the receiver, cannot be allowed to apply between those
who were creditors and stockholders before the time of its taking
effect.

Error from Anderson district court; S. A. RIGGS,
judge.    Opinion filed March 10, 1900.    Reversed.

*Kirk & Bronson, Oscar Foust,* and *Snoddy & Snoddy,*
for plaintiffs in error.

*W. A. Johnson, J. G. Johnson,* and *N. L. Bowman,*
for defendants in error.

The opinion of the court was delivered by

DOSTER, C. J. :   This was a proceeding in equity be
gun by Thomas Bowles in behalf of himself and others
as creditors of an insolvent banking institution, against
R. J. Woodworth and others as stockholders in the
bank, to compel the payment by them of the amounts
due on their statutory liability as stockholders, and
for a distribution of such amounts among the several
creditors of the bank, and to restrain certain of its
creditors from the prosecution of actions begun by
them against the stockholders to enforce for them-
selves and in their several interests the statutory lia-
bility of the latter.    Judgment in accordance with the
prayer of the petition was rendered in the court below.
From that judgment proceedings in error have been
prosecuted to this court, and the principal question is,
Can an equitable action be maintained for the purpose
stated in the plaintiffs' petition?

In 1895 the Bank of Garnett became insolvent.    It
was taken in charge by the bank commissioner under
the authority of the statute then in force.    As re-

quired by that statute, a receiver was appointed, who entered upon the labor of converting the assets of the bank into money and distributing it among the creditors. In 1897 the legislature revised the act for the regulation and supervision of banks in their insolvent, as well as in their active and solvent, condition. (Laws 1897, ch. 47; Gen. Stat. 1897, ch. 18, §§ 1-67; Gen. Stat. 1899, §§ 407-470.) By section 55 of that act it was made the duty of receivers of insolvent banks to prosecute actions for recovery on the statutory liability of stockholders. That duty had not been theretofore imposed upon the receivers of such banks, but before the taking effect of the statute mentioned the liability of stockholders of banks, as well as of other incorporated institutions, was enforcible only by individual creditors against individual stockholders unless, as the defendants in error claim, it was enforceable in equity, by the creditors collectively. In June, 1897, the action stated was commenced. This was after the taking effect of the law of 1897, which made it the duty of the receiver to institute the proceedings, but, for reasons hereinafter given, the question was not embarrassed by any conflict of right between the creditors to prosecute the action for themselves, and the receiver to prosecute it under the statute in their behalf. Therefore, for the present, the case will be viewed without regard to the statute imposing upon the receiver the obligation to begin and maintain the suit.

After the occurrence of the bank's insolvency, but before the institution of the proceeding in equity, and also before the taking effect of the act of 1897, a large number of the bank's creditors instituted actions under the statute against certain of its stockholders to enforce their individual liability for the payment

of its debts.    These creditors were made parties defendant to the action in equity before mentioned, and are the plaintiffs in error in this court.

The provisions of law respecting the liability of stockholders of a corporation to pay its debts are both constitutional and statutory.    The constitution declares : " Dues from corporations shall be secured by individual liability of the stockholders to an additional amount equal to the stock owned by each stockholder, and such other means as shall be provided by law." (Art. 12, § 2.) Prior to the act of 1897 before referred to, the statutory remedies for the enforcement of the liability ordained by this constitutional provision were those provided by sections 49 and 50, chapter 66, General Statutes of 1897.    By section 49, an action in the form of a petition and summons by the creditor against the stockholder was authorized in the event of a dissolution of the corporation ; and by section 50, a proceeding in the form of a motion by the creditor for leave to issue execution against the stockholder was authorized in the event of a previous judgment and unsatisfied execution against the corporation. (*Cottrell v. Manlove*, 58 Kan. 405, 49 Pac. 519.)

1, 2. Constitutional provisions not self-executing.

These sections did not provide a remedy by the creditors collectively against the stockholders collectively ; but in each of them provision was made for a single proceeding by a single creditor against a single stockholder.    This was expressly so declared in *Abbey v. Dry Goods Co.*, 44 Kan. 415, 24 Pac. 426, as to the liability of the stockholders to the creditors.    In that case it was ruled : " The liability of stockholders to the creditors of a corporation is several not joint, and each must be sued separately."    By much the stronger reason should it be held, we think,

that the right of action of creditors under these statutes is several and not joint. Each one has his own demand, and because of the lack of community of interest with other creditors he cannot join with them in the institution and maintenance of a proceeding to secure their several claims.

However, back of these statutory provisions which thus mark out the remedies to be adopted by the creditors of a corporation for the recovery of their demands against its stockholders, lies the constitutional provision before quoted, which, independently of all legislation upon the subject, must be allowed such self-operative force as the terms employed indicate the framers of the organic law intended it should have. If the legislative enactments are not up to the requirements of the constitution, and if the constitution be self-operative to the ends sought to be reached, this court must carry out the mandate of the organic instrument. It is evident that, if the constitutional provision be self-executing, it operates in favor of creditors as a class and collectively, and against stockholders as a class and collectively. If the constitution itself secures dues from corporations through the individual liability of stockholders, it secures them in the interest of all the creditors alike. In such event the provision, being declarative of a rule of general right and of general liability, would of necessity assert itself through the legal forms adapted to its ends. Those ends, being equality of right and equality of liability, could be reached only through the equity procedure of the courts. Although the legislature might rightfully devise a mode of procedure adapted to the end in view, yet, in the lack of such legislative enactment, the constitution, through its self-operative force, would seize upon and appropriate to its purposes

such general forms of action as had been already provided for similar cases, and, in such event, the petition of the plaintiffs in the court below might be maintained.

But we are constrained to hold that the constitutional provision in question is not self-operative. It does not execute its own commands and can only be regarded as a direction to the legislature. As a rule, constitutional provisions, unless expressed in negative form or possessed of a negative meaning, are not self-assertive. They usually assume the form of a command to the legislature, and legislative action becomes necessary to give them effect. The one under consideration is an instance of the latter kind. The constitution does not ordain in terms of the present tense the individual liability of stockholders for the debts of corporations, but it ordains it in terms of the future tense. It declares that "dues from corporations *shall be secured,*" etc., not that "dues from corporations are secured." When the constitution declares that a right shall be secured or a thing shall be done, it means that it shall be secured, or shall be done, by the legislature. In such case, the constitution places upon the legislature the obligation to carry out its ordinances by appropriate enactment.

There are constitutional provisions in other states looking to the same end as the one of our own in question, but which, by reason of the difference in language used, have been given a different interpretation from that which ours bears. For example, the constitution of Nebraska declares: "Every stockholder in a banking corporation or institution shall be individually responsible and liable to its creditors over and above the amount of stock by him held to an amount equal to the respective stock or shares so held,

for all its liabilities occurring while he remains such stockholder." In the case of *Farmers' Loan & Trust Co. v. Funk*, 49 Neb. 353, 68 N. W. 520, the supreme court of that state, in an ably-reasoned opinion, held the provision quoted to be enforceable without supplementary statutory enactment. It will be observed that the liability ordained in that provision was declared in terms of the present tense. It was not declared, as in the case of our own constitution, that "dues from corporations shall be secured," but that "stockholders in corporations shall be responsible," etc. Such terms import a rule of present liability, and, as determined by that court, they do not require legislation to give them general effect.

The courts of our own state have never been called upon to examine our own constitutional provision with a view to determining the question involved. It has been, however, given consideration by the courts of some of the other states, and also by the federal courts. Suits have been instituted in the courts of other states against citizens of such states owning stock in corporations of this state to recover upon the liability declared by the laws of this state. In *Tuttle v. Nat. Bank of Republic*, 161 Ill. 497, 44 N. E. 984, the majority of the court ruled:

"The provision of the Kansas constitution that 'dues from corporations shall be secured by individual liability of stockholders to an additional amount equal to the stock owned by each stockholder, and such other means as shall be provided by law,' is not self-executing, it appearing from the provision itself that legislation is contemplated as necessary for its enforcement."

In *Marshall v. Sherman*, 148 N. Y. 9, 42 N. E. 419, it was held:

"The provision of the constitution of the state of

Kansas that ' dues from corporations shall be secured by individual liability of the stockholders to an additional amount equal to the stock owned by such stockholders, and such other means as shall be provided by law,' is not self-executing, and of itself creates no liability, but contemplates legislation to make it effectual; and when statutes to that end have been enacted, and an action is brought to enforce the individual liability of a stockholder by a complaint which sets forth both the constitution and the statutes, the action is to be deemed one to enforce the statutes and not the constitution.''

In *Morley v. Thayer*, 3 Fed. 737, it was said:

'' Section 2, article 12, of the constitution of the state of Massachusetts, provides that dues from corporations shall be secured by individual liability of the stockholders to an additional amount equal to the stock owned by each stockholder, and such other means as shall be provided by law.

''*Held*, that suit could not be maintained by virtue of this constitutional provision, without reference to the statutes of the state passed in fulfilment of the constitutional mandate.''

To the same effect is *Mechanics' Sav. Bank v. Fidelity Insurance Trust Co.*, 87 Fed. 114. The report of the case of *Morley v. Thayer*, supra, furnishes an amusing instance of reportorial and, possibly, of judicial inaccuracy. The syllabus above quoted credits the constitutional clause under interpretation to Massachusetts. The reporter, in his note of errata, undertakes to correct it so as to read '' Missouri'' instead of '' Massachusetts.'' The fact is, the court had under consideration the constitutional provision of our own state before quoted, and the litigation involved the liability of a shareholder in the capital stock of a corporation organized under the laws of this state.

Having seen that the constitutional provision that ''dues from corporations shall be secured by the in-

dividual liability of their stockholders'' is not self-operative, but little more, it would seem, need to be said. Inasmuch as the constitution did not secure an equality of right to creditors of corporations, the statute alone must be allowed to determine the rules, of right prevailing among them. The statute, as we have seen, provides for no method of equity procedure to secure equality of right among them, nor equality of liability among the stockholders.

It is a general rule, from which, we think, no dissent exists, that, if a statute prescribes a special mode of enforcing the individual liability of the stockholders of corporations, that mode and that alone can be pursued. The liability can be enforced in no other way. The decisions on the subject are collected in a note to *Thompson v. Lake*, 19 Nev. 103, 3 Am. St. Rep. 854, 9 Pac. 121. These decisions illustrate the general rule that, where a statute confers a right and at the same time prescribes a remedy for its enforcement, the statutory remedy only can be pursued. Notwithstanding the strength with which the above rule has been fortified by the decisions, counsel for defendants in error present for our consideration a number of cases in which the right of the creditors of corporations to resort to equity for the enforcement of their statutory demands against stockholders and to secure the distribution among them of the stockholders' statutory liability have been upheld.

However, an examination of these cases shows that in none of them had any statutory remedy been provided for the enforcement of the liability in question, and that in all of them the statute declarative of the substantive right — that is, of the right of the creditors to make demand upon the stockholders — likewise declared an equality of right among the creditors. In

37—61 KAN.

such respect all these statutes were like the Nebraska constitution above quoted. They declared a present liability in all the stockholders to all the creditors. They were lacking, however, in the matter of an accompanying statutory remedy, and hence, in all the cases called to our attention, the courts held that the remedy in equity was appropriate and available to enforce the equality of right declared by the statutes. Thus, in *Pollard v. Bailey*, 20 Wall. 520, 22 L. Ed. 376, the stockholders of a bank were, by its charter, "bound respectively for all the debts of the bank in proportion to their stock holden therein." It was decided that the intent of this provision, especially when viewed in connection with others bearing upon the subject, was to bind the stockholders to contribute to a common fund for the benefit of all the creditors of the corporation.

In *Hornor v. Henning et al.*, 93 U. S. 228, 23 L. Ed. 879, the statute under consideration provided: "If the indebtedness of any company organized under this act shall at any time exceed the amount of its capital stock, the trustees of such company assenting thereto shall be personally and individually liable for such excess to the creditors of the company." In view of the language of this statute, which made the trustees "liable to the creditors of the company," it was ruled that the creditors collectively and equally, not separately or severally, were meant, and, therefore, that the remedy for the enforcement of the liability was in equity. In *Wright et al. v. McCormack et al.*, 17 Ohio St. 86, and *Umsted v. Buskirk et al.*, 17 id. 113, the statute provided: "All stockholders of any railroad, turnpike, or plank-road, magnetic telegraph, or bridge company, shall be deemed and held liable to an amount equal to their stock subscribed, in addition to

said stock, for the purpose of securing the creditors of such company." Inasmuch as the statutory declaration of liability of the stockholders was made "for the purpose of securing the creditors," it was ruled that the creditors were entitled to share equally in the security.

In *Coleman v. White*, 14 Wis. 700, the statute under consideration declared : "The stockholders in every corporation or association organized under the provisions of this chapter, shall be individually responsible, to the amount of their respective share or shares of stock, for all its indebtedness and liabilities of every kind." The liability of the stockholders being for the payment of the company's indebtedness of every kind, the court, therefore, ruled that the statute implied equality of right in the respective holders of the indebtedness. In *National Bank v. Dillingham*, 147 N. Y. 603, 42 N. E. 338, the statute under consideration read : " No stock corporation, except a moneyed corporation, shall create any debt, if thereby its total indebtedness not secured by mortgage shall exceed the amount of its paid-up capital stock, and the directors creating or consenting to the creation of any such debt shall be personally liable therefor to the creditors of the corporation." The court held that the benefit of this statute was given by its terms to " the creditors of the corporation, and not to a part of them, and, therefore, that the remedy of the creditors was in equity.

The case of *Eames et al. v. Doris*, 102 Ill. 350, is in especial terms called to our attention. In that case the statute under consideration read as follows :

" Each stockholder of this corporation, hereby created, shall, as to the trust funds and saving funds deposited therewith, be individually liable, to the amount of his share or shares of the capital stock, for

all losses or deficiencies that may occur while he was such stockholder, which individual liability shall continue for six months after transfer of his said stock.''

It will be observed that this statute created a liability not directly to the creditors *eo nomine*, but to a trust fund for their benefit, and it was therefore held that this fund, like all other trust funds, was to be administered in equity.

In none of the cases thus reviewed was the right of the court to collect and distribute the statutory liability rested upon the ground of any general equitable jurisdiction to enforce such kind of liability, but in every case it was rested upon the ground that the statute 'creating the liability expressed or implied an equality of right among the creditors. This, in the view of all the courts, attached to the fund created by the enforcement of the liability the characteristics of a trust fund which it was the peculiar province of equity to conserve. Prior to the enactment of 1897, before referred to, we had no statute declaring or implying a trust in the statutory liability of the stockholders of corporations, but, as we have heretofore seen, the remedy for the enforcement of such liability was several and personal to the respective creditors of the corporations; hence, none of the cases cited by defendants in error is applicable.

Some of the courts have held that payment of stock subscriptions may be enforced in equity at the suit of the creditors of the corporation, and some of the cases cited by the defendants in error are to such effect. These cases, however, have no bearing upon the question presented for our consideration. The liability of shareholders to pay for the stock subscribed for by them is not a statutory liability. It is a common-law liability. The capital stock of a corporation is one of

its assets, and like any other asset of the company constitutes in equity a trust fund for creditors, which in a proper case they may collect and distribute among themselves. (Thomp. Liab. Stock. § 258, *et seq.*, and note to *Thompson v. Lake*, 19 Nev. 103, 3 Am. St. Rep. 808, 9 Pac. 121.)

We have thus far considered this case without regard to the act of 1897, which vests in receivers of insolvent banks a right of action for the enforcement of the statutory liability of stockholders. Section 55 of that act reads as follows:

" If, after the expiration of one year from the closing of any incorporated bank, it shall appear to the receiver thereof that the assets of such bank are insufficient to pay its liabilities, it shall be the duty of such receiver to immediately institute proper proceedings, in the name of the bank, for the collection of the liability of the stockholders of such bank ; all sums so collected to become a part of the assets of such bank and to be distributed *pro rata* to the creditors thereof, in the same manner as other funds. No action by any creditor against any stockholder of such bank for the recovery of such liability shall be maintained unless it shall appear to the satisfaction of the court that the receiver has failed to commence action as herein provided." (Gen. Stat. 1897, ch. 18, § 51 ; Gen. Stat. 1899, § 461.)

It will be observed that by the terms of this statute the right of action does not accrue to the receiver until " after the expiration of one year from the closing of any incorporated bank." If this statute be retroactive in operation and therefore applicable to receiverships in force at the time of its taking effect, it did not prevent, but only delayed, the institution of such actions by creditors against stockholders as could have been maintained prior to its enactment, because, by the necessary implication of its closing sentence,

actions by creditors against stockholders may be maintained if the receiver does not commence an action in his own name, as by another part of the section he is allowed to do. The bank had been closed more than one year and the receiver had failed to institute such action as he might have done, and, therefore, such rights as creditors had to institute actions in their own names became operative by the terms of the statute. We have seen, however, that they were not possessed of the right to institute the kind of action in question.

But the case as to those creditors who had in their several right begun actions or instituted proceedings against particular stockholders is determinable in their favor upon another ground. The receiver who had been made a defendant to the equitable suit instituted by the creditor joined in a portion of the plaintiff's prayer for relief. He asked that he be allowed to collect the several sums due from the stockholders in respect of their statutory liability, that he might distribute it among the creditors as an asset of the bank. The order of the court was in accordance with the receiver's answer or cross-petition. Hence, for all purposes, the action, although begun in the name of a creditor for himself and in behalf of the others, may be regarded as though it had been instituted by the receiver under the statute and in his trust capacity. It can only be maintained by him by giving to the statute a retroactive effect — an effect which will deprive the individual creditors of their right to maintain the proceedings theretofore allowed by law and in the form theretofore prescribed by statute, or at least delay their doing so for a year. Can this be done? The uniform holding of the courts has been

3, 4. Contractual relation — effect of act of 1897.

that it cannot be done. It cannot be done because the relation between the creditors of a corporation and its stockholders is a relation of contract; not a contract in the ordinary sense of an agreement between two persons who have reduced their engagement to express terms, but a contract which the law implies from the stockholder's willingness to assume the liability imposed by the statute as evidenced by his stock subscription, and the creditor's willingness to accept the advantage and security allowed to him. In *Hawthorne v. Calef*, 2 Wall. 10, 17 L. Ed. 776, the effect of the repeal of a statute which made the stock of shareholders in an incorporated company liable for the payment of the debts of the corporation was considered and decided. In the opinion it was remarked:

"Now, it is quite clear that the personal-liability clause in the charter, in the present case, pledges the liability or guarantee of the stockholders, to the extent of their stock, to the creditors of the company, and to which pledge or guarantee the stockholders, by subscribing for stock and becoming members of it, have assented. They thereby virtually agree to become security to the creditors for the payment of the debts of the company, which have been contracted upon the faith of this liability."

It was accordingly ruled that the repeal of the statute violated that provision of the federal constitution which forbids the enactment of state laws impairing the obligation of contracts. In *McDonnell v. Alabama Gold Life Insurance Co.*, 85 Ala. 401, 5 South. 120, the effect of the repeal of a statute imposing a personal liability on the stockholders for the debts of the corporation was passed on. It was held that a relation of contract existed between the creditors and the stockholders of a corporation, and that the repeal of the statute impaired the obligation of the contract, and

hence became violative of the federal constitution. In the opinion it was remarked :

"The doctrine accordingly is generally asserted, that, where a statute imposes upon stockholders an individual liability for corporate debts, whether to a limited or unlimited extent, this liability enters into the contract of subscription by each stockholder, and forms a part of the security of the creditors of the corporation when the debts are contracted, as fully as if it had been incorporated in the contract, and had been signed by the several subscribers for, or transferees of such stock."

Other decisions to the same effect have been made, but the two we have cited are the leading ones, and are sufficient to establish the proposition that the relation between the creditors and stockholders of a corporation is so far contractual in its nature as to be within the protection of the clause of the federal constitution mentioned. However, it will be observed that in both of these cases the repeal of the statute imposing liability on the stockholder was unconditional, the statute assuming to abrogate the contract by repealing the former enactment on which it arose. This is unlike the act of 1897 of our state. That act does not assume to abrogate the contract or relieve the stockholder from liability, but it does assume to do two other things,— first, to suspend for one year the pursuit by the creditor of the special remedy afforded by the laws in existence at the time of the making of the contract, and second, to deprive the creditor of such remedy altogether, if the receiver at the end of the year should institute an action for him and for the other creditors, in which last-mentioned case the fund collected by the receiver is to be distributed *pro rata* among all the creditors.

It is a general rule that statutes which operate on

the remedy for the collection of debts, without making the new procedure substantially more difficult or substantially less efficacious than the old one, do not impair the obligation of the contract but are valid and to be upheld. If, however, the new enactment, although not designed to affect the substantive right, does, nevertheless, embarrass or substantially delay the creditor in the collection of the debt, it will be held to have impaired the obligation of the contract. We deem section 55 of the act of 1897, in its application to existing contracts between creditors and stockholders, to be an enactment of the latter kind. First, and perhaps most seriously, it delays the creditor in his right to resort to the special remedies afforded by the other provisions of the statute for one year from the time of the closing of the bank, because that time is allowed to the receiver to institute actions in the interest of the creditors collectively for the recovery of the liability. Second, it prohibits altogether the institution of any special proceeding by the creditor in his own behalf if the receiver, within the time allowed to him, institutes an action in behalf of all the creditors. If the receiver should institute an action and collect the liability, even though every stockholder should be solvent and should discharge his liability in full, the creditor might nevertheless not receive full payment of his claim. He must share with other creditors. The debts of a corporation may be so great, and the liability of the stockholders, added to the other assets of the company, so small, as to preclude payment of everybody in full.

Previous to the enactment of the act of 1897 the creditor could proceed in his own right, in the case of judgment and unsatisfied execution against the corporation, or in case of the dissolution of the corpora-

tion or the suspension of business by it for one year. Vigilance and diligence on the part of a creditor in the pursuit of one or the other of his remedies, in one or another of the contingencies stated, might avail to secure the payment of his claim in full. Under the statute as it now exists, vigilance and diligence may avail nothing. The creditor may be compelled to leave the prosecution of his demands and the collection of his claim to a trustee, with the usual incidents of delay and expense attendant upon the administration of trusts, only to receive in the end a moiety of his demand. True it is, he might only receive that, if left to the pursuit of his own action, but that is no sufficient objection to allowing him to retain the right of action. The stockholder had contracted that he might have it, and he is entitled to stand upon the contract.

But a more clearly conclusive objection to the act of 1897, in its retroactive aspect, is the suspension for one year of the creditor's right of action for himself. Leaving out of view the fact that such right of action may never accrue to the creditor at all because of the intervention of the receiver at the end of the year, but assuming that the creditor may not be deprived of his right of action, he is at least to be postponed one year in instituting it. The case in that respect falls within the principle of the decision of the supreme court of the United States in *Barnitz v. Beverly*, 163 U. S. 118, 16 Sup. Ct. 1042, 41 L. Ed. 93, and within the principle of the decisions which have held that state laws to stay the collection of debts for an unreasonable length of time were invalid. In the case just cited, it was held that the act of the legislature of this state, commonly called the "mortgage-redemption law," which provides for an eighteen-

months period of redemption of land sold at mortgage sale, could not be applied to mortgages executed prior to the time of its taking effect.  In the opinion, among other matters, it was remarked :

" The decisions of this court are numerous in which it has been held that the laws which prescribe the mode of enforcing a contract, which are in existence when it is made, are so far a part of the contract that no changes in these laws which seriously interfere with that enforcement are valid, because they impair its obligation within the meaning of the constitution of the United States."

It is, of course, to be conceded that a mere change of remedy constitutes no valid objection to the enactment of the new provision ; but the creditor must be allowed to retain in substance the same remedy as before, or in lieu thereof allowed one which will no more seriously embarrass or delay him in the prosecution of his claim and the collection of his debt than did the former one.   The case of *Story v. Furman*, 25 N.Y. 214, presents an instance of a mere change of remedy without the impairment of a contract right. In that case it was held that a statute which vested in a trustee a right of action in equity in behalf of all the creditors of a corporation to recover the statutory liability of the stockholders did not impair the obligation of the contract, because, before the enactment of the statute, upon general principles of equity, the creditors of corporations were allowed to sue for themselves and for all the others, in case no different character of procedure had been enacted.   The statute in such case did nothing but vest in a trustee the right to do for the creditors what before its enactment they could do for themselves.   But the subject need not be further pursued.   The statute of 1897 cannot be allowed a retroactive operation.

Questions as to the right of a stockholder to set off a debt due him from the corporation, and as to the liability of one who had been a stockholder in the bank but who had parted with his stock before the defendants in error became creditors of the corporation, and also as to the effect of a reduction of the capital stock of the bank at a certain time, were discussed before us. In the view we take of the case it is not necessary to give attention to these matters.

The judgment of the court below is reversed, with directions for such proceedings as may be in accordance with this opinion.