MIDDLETOWN NAT. BANK v. TOLEDO, A. A. & N. M. RY. CO. et al.

(Circuit Court of Appeals, Second Circuit.    December 22, 1903.)

No. 85.

1. COURTS—CIRCUIT COURT OF APPEALS—STATE CONSTITUTION—CONSTRUCTION
—CERTIFICATION TO SUPREME COURT.
    Where the Circuit Court of Appeals, by reason of conflicting decisions, found itself unable to determine whether a provision of a state Constitution rendering stockholders of a corporation individually liable to creditors for a sum equal to the amount of their stock in addition thereto was self-executing, and there was no decision of the Supreme Court of the state on the subject, the question will be certified to the United States Supreme Court.

Appeal from the Circuit Court of the United States for the Southern District of New York.

For opinion below, see 113 Fed. 587.

Frederick McLaughlin, for appellant.

L. H. Beers and L. S. Haslam, for appellees.

Before TOWNSEND and COXE, Circuit Judges.

TOWNSEND, Circuit Judge.   This cause comes here on appeal from a decree of the United States Circuit Court for the Southern District of New York sustaining demurrers to the bill of complaint and dismissing the bill.   The complainant, a creditor of the railway company defendant, a corporation of the state of Ohio, having recovered a judgment in the Supreme Court of the state of New York, upon which execution was issued and returned unsatisfied, brought its bill in equity, for the benefit of itself and other creditors, against numerous stockholders of the railway company defendant resident in the district to enforce the liability of such stockholders for debts of such company under the laws of Ohio, making such company also a party defendant.   Upon demurrers the court below held that the bill must be dismissed because some stockholders were not made parties, taking the view that the suit must be regarded as such a suit as is provided for by the statutes of Ohio relating to such liability, and that such statutes required all stockholders to be made parties.

The Constitution of Ohio (1851, art. 13, § 3), provides as follows:

"Dues from corporations shall be secured by such individual liability of the stockholders, and other means, as may be prescribed by law; but, in all cases, each stockholder shall be liable, over and above the stock by him or her owned, and any amount unpaid thereon, to a further sum, at least equal in amount to such stock."

In pursuance of this provision of the Constitution, the Legislature very early adopted statutory provisions with respect to the stockholders of certain corporations, to the effect that they should be liable for

the security of creditors in an amount equal to their stock. These provisions appear in the Revised Statutes of 1880, § 3258, in the following form:

"The stockholders of a corporation which may be hereafter formed, and such stockholders as are now liable under former statutes, shall be deemed and held liable, in addition to their stock, in an amount equal to the stock by them subscribed, or otherwise acquired, to the creditors of the corporation, to secure the payment of the debts and liabilities of the corporation."

Section 3260 of the Revised Statutes of 1880 provided as follows:

"A stockholder or creditor may enforce such liability by action, jointly, against all the holders or owners of stock, which action shall be for the benefit of all the creditors of the corporation and against all persons liable as stockholders; and in such action there shall be found and determined the amount payable by each person liable as ·stockholder on all the indebtedness of the corporation, in which adjudication no costs shall be taxed to nor collected of any stockholder to an amount which, together with the amount to be paid on said indebtedness will exceed the amount of the stock on which he is liable."

In 1894 (91 Ohio Laws, p. 88) this section was amended by adding a provision, for the pro rata distribution of the liability in case of inability to summon stockholders, and a provision for the enforcement of the stockholders' liability by a judgment creditor only after such an action to enforce the stockholders' liability has been prosecuted to final decree. As so amended, this section stood at the time when this suit was begun. Afterwards, in 1900 (94 Ohio Laws, p. 359), but before the filing of the second amended bill of complaint, the section was wholly amended, providing that a creditor seeking to charge directors, officers, or stockholders with any liability created by law might file his complaint in any common pleas court having jurisdiction, authorizing the court to take account of the property and obligations due to and from the corporation and to appoint receivers; authorizing the court, if the corporation appears insolvent and having no sufficient property to satisfy the creditor, to "proceed to ascertain the respective liabilities of the directors, officers and stockholders, and enforce the same by its judgment, as in other cases"; providing for giving notice to nonresident stockholders and compelling unpaid subscriptions to be first collected and enforced, and providing as follows:

"If the debts of the company remain unsatisfied, the court shall proceed to ascertain the respective liabilities of the directors or other officers and of the stockholders, and to adjudge the amount payable by each, and enforce the judgment, as in other cases. The court may authorize and direct the receiver to prosecute such action in his own name as receiver, as may be necessary, in other jurisdictions, to collect the amount found due from any officer or stockholder."

The amended section also provided for notice to creditors to bring in their claims, for shutting out those who do not come in, and for distribution; and also provided that the act should apply to pending actions.

The court below has sustained this demurrer on the following ground:

"It is thought that the question raised by this demurrer should be decided upon the assumption that the action is the one provided for by section 3260,

Rev. St. Ohio, as it stood after the amendment of 1894. Inasmuch as that section expressly provides for an action jointly against all the stockholders, including such as are out of the jurisdiction or for other causes cannot be served, and the complaint avers that there are stockholders who have not been made parties, there is a lack of parties defendant, and the demurrer is sustained. If, moreover, the amendments of the statute passed in 1900 are to be considered, the position of the demurrants is even stronger. Manifestly, this action is not the one thereby provided for."

If the constitutional provision quoted above is not self-executing, then the Constitution and statutes are to be taken together as making one body of law. Whitman v. Bank, 176 U. S. 559, 20 Sup. Ct. 477, 44 L. Ed. 587. And the remedy provided by statute is exclusive of all others, and must be followed. Pollard v. Bailey, 20 Wall. 527, 22 L. Ed. 376; Bank v. Francklyn, 120 U. S. 758, 7 Sup. Ct. 757, 30 L. Ed. 825. The question presented, therefore, is whether said section of the Constitution was intended to be self-executing. In Whitman v. Bank, 83 Fed. 289, 28 C. C. A. 404, this court had occasion to construe a similar section of the Constitution of Kansas, which was as follows:

"Dues from corporations shall be secured by individual liability of the stockholders to an additional amount equal to the stock owned by each stockholder; and such other means as shall be provided by law; but such individual liabilities shall not apply to railway corporations, nor corporations for religious or charitable purposes." Const. art. 12, § 2.

The court, through Judge Shipman, there said as follows:

"It is to be premised, as was clearly shown by Justice Clifford in Morley v. Thayer (C. C.) 3 Fed. 739, with respect to this particular constitutional provision, that it is not self-executing in its character, and that statutory legislation was therefore required to carry it into effect. Groves v. Slaughter, 15 Pet. 449, 10 L. Ed. 800; Wells v. Robb, 43 Kan. 201, 23 Pac. 148."

Upon certiorari to the Supreme Court of the United States (176 U. S. 559, 562, 20 Sup. Ct. 477, 478, 44 L. Ed. 587, affirming the decision of this court on the ground that the liability imposing upon stockholders in corporations by its constitutional statutes was contractual in its nature, and could be maintained in any court of competent jurisdiction) Mr. Justice Brewer, speaking for the court, said, referring to said section of the Constitution, as follows:

"The words 'shall be secured' are not merely directory to the Legislature to make provision for such liability, but of themselves declare it. To this extent the Constitution is self-executing. Willis v. Mabon, 48 Minn. 140, 50 N. W. 1110, 16 L. R. A. 281, 31 Am. St. Rep. 626. The discretion of the Legislature extends beyond this, as indicated by the clause, 'and such other means as shall be provided by law.' A failure of the Legislature to create courts or prescribe modes of procedure may, it is true, make ineffective this constitutional provision, but does not destroy the liability; nor is it created by the act of the Legislature prescribing the mode of its enforcement. This is the obvious meaning of the constitutional provision. The simplest and most obvious interpretation of a Constitution, if in itself sensible, is the most likely to be that meant by the people in its adoption.' Lamar, J., in Lake County v. Rollins, 130 U. S. 662, 671, 9 Sup. Ct. 651, 32 L. Ed. 1060."

In Whitman v. Citizens' Bank, 110 Fed. 503, 506, 507, 49 C. C. A. 122, this court was again called upon to consider the same clause un-

der the Kansas Constitution and statute, and, referring to its decision and the decision of the Supreme Court, said as follows:

"The next question is the one which, having been presented to this court in Whitman v. Bank of Oxford, 83 Fed. 288, 28 C. C. A. 404, came before the Supreme Court in the same case by certiorari, 176 U. S. 559, 20 Sup. Ct. 477, 44 L. Ed. 587, and was whether an action upon the stockholders' liability, as prescribed in section 32 [c. 23, Gen. St. Kan. 1889] was transitory, and could be maintained in the courts of competent jurisdiction, either federal or state, in states other than Kansas. The Supreme Court decided the question in the affirmative, and held that the Constitution of Kansas [article 12, § 2] had cast a definite liability upon each stockholder of a banking corporation; that, to the extent of declaring the liability, the Constitution is self-executing; that by section 32 the Legislature had prescribed the mode of enforcing the liability; and that 'the liability which by the Constitution and the statutes is thus declared to rest upon the stockholder, though statutory in its origin, is contractual in its nature,' and that the statute was not penal in its character. It is now urged by defendant, and the argument was pressed in each of the three cases, that, inasmuch as a few days after the decision in the Bank of Oxford Case, the Supreme Court of Kansas, in Woodworth v. Bowles, 61 Kan. 569, 60 Pac. 331, had declared that the constitutional provision was not self-executing, the decision of the highest court of a state in regard to its Constitution is controlling, and that the Supreme Court of the United States will adopt the view of the Kansas court. Fairfield v. Gallatin Co., 100 U. S. 47, 25 L. Ed. 544. It is incumbent upon this court to regard the expressed opinion of the Supreme Court of the United States as controlling until changed by itself, and, furthermore, it is not apparent that the conclusions of that court in regard to the transitory character of an action against the stockholder will be modified, if it should accede to the views of the highest court in Kansas in regard to the self-executing character of the constitutional provision. This court, in the Bank of Oxford Case, 83 Fed. 288, 28 C. C. A. 404, decided that, upon the premise that the constitutional provision was not self-executing, the remedy by section 32 was transitory, and is still of that opinion; and therefore we do not think it needful to reconsider the question."

The provisions of the Kansas and Ohio Constitutions are substantially alike. There is no direct decision of the Supreme Court of Ohio upon the question as to whether the said constitutional provision is or is not self-executing, and therefore the question presented in Whitman v. Citizens' Bank, supra, as to the controlling effect of such a decision, does not arise.

The question as to the effect of said constitutional provisions is one which we have been unable to determine, and, in view of the conflicting decisions, we think this question should be certified to the Supreme Court.