A. H. CALEF et al. v. THE WYANDOTTE REALTY COMPANY et al.

No. 13,685.   (78 Pac. 816.)

SYLLABUS BY THE COURT.

CORPORATIONS —*Liability of Stockholders for Unpaid Subscriptions —Method of Enforcement.* In an action by the stockholders against an insolvent corporation and its creditors to have a receiver appointed, the assets marshaled, its liabilities determined, the assets applied to the payment of such liabilities, and the corporation dissolved, where unsatisfied judgments still remain after all its tangible property has been applied to the satis-

faction of its debts, it is *held*, that it is not error for the court, in the same action, to order the receiver to take such steps as may be necessary to determine the amount due from the plaintiffs, as stockholders, for unpaid subscriptions to the capital stock; and it is further·*held*, that upon application the court may render judgment in favor· of the receiver against the several plaintiffs, as stockholders, for such sums as it may find due the corporation.

Error from Wyandotte district court; E. L. FISCHER, judge. Opinion filed December 1, 1904. Affirmed.

*C. F. Hutchings*, *S. D. Hutchings*, and *Miller, Buchan & Miller*, for plaintiffs in error.

*Scarritt, Griffith & Jones*, and *Nathan Cree*, for defendants in error.

The opinion of the court was delivered by

GREENE, J. : The plaintiffs, as stockholders in the Wyandotte Realty Company, which was organized under the laws of the state of Missouri and doing business in Kansas, brought this action against the corporation and its creditors to have a receiver appointed, the assets marshaled, its liabilities determined, the assets applied to the payment of such liabilities, and the corporation dissolved. The material allegations of the petition, briefly stated, are as follows : The plaintiffs were stockholders, and the corporation was insolvent. Its authorized capital was $100,000, divided into 1000 shares of $100 each, of which the plaintiffs were the owners as follows : A. H. Calef, 339 ; the estate of William Thaw, 150 ; the estate of H. H. Houston, 150 ; the estate of Elias D. Kennedy, 40 ; and Guy Phillips, 10. The indebtedness of the corporation to the defendants exceeded $50,000, as was evidenced by certain promissory notes, secured by mortgages on real estate of the corporation. The corporation owned no other property,

or assets, than that upon which said defendants held mortgages, except certain small tracts of land described, and alleged to be of the value of about $500. There was interest due on its indebtedness exceeding $3000, and unpaid taxes on the mortgaged real estate to the amount of $2000. The corporation was insolvent, and had been for more than a year, and the president of the company had requested all its stockholders to contribute a sum *pro rata* upon their several holdings sufficient to pay the interest and taxes then overdue. The stockholders failed to contribute, by reason of which the officers refused to act further as officers, or take any action for the protection of the stockholders or the property of the corporation. A large majority of the stockholders were anxious and willing to have a receiver appointed, to the end that its property might be sold on such terms as the court should direct, the proceeds applied to its indebtedness, and the affairs of the company wound up and the corporation dissolved.

The Honorable David D. Hoag was appointed receiver and ordered to take charge of, and keep, and do with, the property of the corporation as the court might direct. The defendants, except the corporation, joined in an application for the appointment of a co-receiver, which was granted, and W. A. M. Vaughn appointed. Upon application Joseph Gurney Fowler, a creditor of the corporation, was made a party defendant, and filed his answer and cross-petition.

The several defendant creditors stated in their cross-petition that the plaintiffs had not fully paid for the stock owned by them, and prayed that, in case the mortgaged real estate and other property of the corporation should be insufficient to satisfy their respective claims and pay the debts of the corporation, the

Calef v. Realty Co.

court ascertain the amount so owing by each of said stockholders to the corporation, and that the receiver be ordered to take the necessary steps to collect such indebtedness and apply it to the payment of the debts of the corporation. After applying the proceeds of the sale of the land there remained unsatisfied judgments against the corporation in favor of the several defendants. The court thereupon ordered the receiver to prepare and file an intervening petition against the plaintiffs, as stockholders, for the purpose of determining the amount so owing by each upon stock subscription. Upon an investigation it was found that there remained unpaid twenty-eight per cent. on each share of stock owned by said plaintiffs, and judgment was rendered in favor of the receiver against each of them for that amount. To reverse this judgment the plaintiffs prosecute this proceeding.

This was an equitable suit by the stockholders against the corporation and its creditors for the appointment of a receiver, to have the assets of the corporation marshaled, its liabilities determined, the assets applied to the payment of such liabilities, and the corporation dissolved. It was not in any sense a proceeding against stockholders, under the provisions of our statute, but entirely separate and independent of the statute. This conclusion disposes largely of the contentions made by plaintiffs in error.

The following principles are so fundamental and well understood that the citation of authorities in their support we consider useless: (1) The unpaid subscription to the capital stock of a corporation is a part of the assets of the corporation; (2) upon the appointment of a receiver, in a proceeding to marshal the assets, pay the debts, and dissolve the corpora-

21—70 KAN.

tion, all rights of action in the corporation to sue for, and collect, such assets pass to the receiver.

Plaintiffs contend that the court had no jurisdiction of them when the judgment complained of was rendered. By instituting this action they submitted themselves to the jurisdiction of the court; they asked that a receiver be appointed, the assets of the corporation marshaled, its liabilities ascertained, the assets applied to the payment of such liabilities, and the corporation dissolved; they were not dismissed out of court, either upon their own application or by the order of the court; therefore, they were subject to the jurisdiction of the court until disposition should be made of all questions in the action. (*Kimball and others v. Conner, Stark and others*, 3 Kan. 414; *Johnson v. Keeler*, 46 id. 304, 26 Pac. 728; *Curry v. Janicke*, 48 id. 168, 29 Pac. 319.) The collection of the assets of the corporation and the payment of its debts were necessary to wind up the business and order a dissolution of the corporation.

The petition or application for judgment against the stockholders was not very formally or artistically drawn, but in the absence of a challenge for such infirmity it must be held to state sufficient facts.

It is urged that, as the company was a Missouri corporation, and as there was no evidence to show that under the laws of that state a creditor of an insolvent corporation could maintain an action against the stockholders, no such action could be maintained in this state. A sufficient answer to this contention is that this was not an action by a creditor of an insolvent corporation against the stockholders, but an action by the corporation itself, by its receiver, against its stockholders on a contract liability. The general rule of all the courts on this question was stated in *Wood-*

*worth v. Bowles,* 61 Kan. 569, 580, 60 Pac. 331, 334, as follows :

"The liability of shareholders to pay for the stock subscribed for by them is not a statutory liability.   It is a common-law liability.   The capital stock of a corporation is one of its assets, and like any other asset of the company constitutes in equity a trust fund for creditors, which in a proper case they may collect and distribute among themselves."

This was a suit in equity, and the court obtained jurisdiction of the parties and subject-matter, and maintained such jurisdiction to make and enforce all orders, judgments and decrees necessary to a final disposition of all questions arising between the parties pertaining to the subject-matter of the litigation.

The judgment of the court below is affirmed.

All the Justices concurring.

CUNNINGHAM, J., not sitting.