No. 32,199

THE PEOPLES STATE BANK OF MORAN, by CHARLES W. JOHNSON,
General Receiver, *Appellee*, v. O. A. YOUNG, *Appellant*.

(44 P. 2d 271)

Opinion filed
May 4, 1935.

*Frederick G. Apt* and *A. R. Enfield,* both of Iola, for the appellant.

*W. H. Anderson* and *G. M. Lamer,* both of Iola, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action against a stockholder in a failed bank to collect the statutory double liability. Judgment was for plaintiff. Defendant appeals.

The petition alleged the bank became insolvent; that defendant owned thirty-five shares of the par value of $3,500 and that defendant had paid $500 on the liability. Suit was brought for $3,000.

The answer was a general denial, except that defendant admitted the bank was being liquidated; that he was the owner of the stock mentioned and that he had paid $500 on the liability.

The defense relied upon is set out in paragraph 3 of the answer. It was there pleaded that about April 25, 1930, and prior to the closing of the bank, defendant, at the demand of the bank commissioner, purchased certain assets of the bank, which were deemed to be of little or no value, for $15,000, and that among these assets was one note for $2,000 and another note for $1,500, both secured by mortgages on the building used as a post office in the city where the bank was located, and the $2,000 mortgage and note were kept and held by the receiver, and that collections had been made upon this note and applied to the payment of the debts of the bank.

The answer then contained the following allegation:

"That said note and the mortgage securing the same was and is the property of this defendant, and that by reason of the application of the proceeds of said note to the assets of said bank, this defendant is entitled to have a credit upon the double liability for which he is liable in the sum of $2,000."

The answer contained some further allegations with reference to other assets. These defenses have been abandoned.

The reply of plaintiff was a demurrer and general denial. With reference to the allegations in paragraph 3 of the answer, the reply alleged that the only connection the bank had with the property mentioned was that the bank owned the mortgage; that under the terms of the mortgage it was being paid off at the rate of $30 a month, the rentals of the property being used to apply on these payments. The reply alleged that there was still due on the mortgage the sum of $1,073.32. The reply then alleged that the defendant was not entitled to offset any of these payments against his liability. The trial court gave judgment for the plaintiff on the pleadings. From that judgment this appeal is taken.

The position of defendant is that while the notes in question were not indorsed to him, still under the agreement and transaction pleaded, the notes became the property of defendant and were not a part of the assets of the bank. Hence, when the receiver obtained possession of these notes he held them for the benefit of defendant.

We fail to see wherein the facts in this case bring it under any different rule than that announced in the case of *State Bank v. Reed,* 114 Kan. 216, 217 Pac. 320. What defendant is in effect asking is that he be allowed to offset the indebtedness of the receiver to him against his indebtedness for the benefit of the creditors of the bank. This court held in the above case that a stockholder when sued on his double liability was not entitled to this offset. We still adhere to that view.

The judgment of the trial court is affirmed.