DELOS MILLS and SAMUEL MILLS et al., Appellants, *v.* PAT-
RICK S. STEWART, Respondent.

One whose shares of stock in a railroad corporation have been forfeited
by the company for non-payment of calls, is not a stockholder within
the meaning of the tenth section of the general railroad act of 1850, so
as to render him liable to a creditor of the company for the amount
unpaid on the forfeited stock, although the debt was contracted by the
company before the stock was forfeited. (HUNT, Ch. J., and WOOD-
RUFF, J., *contra.*)

(Cause submitted October 5th, 1869, and decided December 22d, 1869.)

APPEAL from the judgment of the General Term of the
Supreme Court in the fifth judicial district, affirming a judg-
ment for defendant.

In 1854, the respondent was a stockholder in the Lake
Ontario and Hudson River Railroad Company, organized
under the general railroad act of 1850. His original sub-
scription for stock was $6,000, on which he paid ten per
cent. The rest was not paid by him.

In January, 1857, a debt was contracted by said company
which became due and payable two years after date. In
December, 1857, the stock of the respondent was duly for-
feited by the company for the non-payment of an installment
called for.

The appellants having become the owners of the said debt
against the said company on the 30th of November, 1859,
commenced this action against the respondent as a stock-
holder in said company, under the tenth section of the gene-
ral railroad act of 1850, chapter 140. The action was tried
before Judge ALLEN without a jury, and judgment rendered
for respondent. An appeal was taken from the judgment
which was affirmed at the General Term, and an appeal
taken to this court.

*E. A. Brown,* of counsel for appellants.

*D. Pratt,* of counsel for respondent.

MURRAY, J.   The act of 1850 provides that each stockholder of any company formed under this act shall be individually liable to the creditors of such company to an amount equal to the amount unpaid on the stock held by them, for all the debts and liabilities of such company until the whole amount of the capital stock so held by him shall have been paid to the company.

Under this statute the first inquiry is, was the respondent a stockholder in said company on the 30th day of November, 1859, when this action was commenced.   In pursuing that inquiry, we find that section seven of the said act provides, that the directors of said company may require the subscribers to the capital stock of the company to pay the amount by them respectively subscribed in such manner and in such installments as they may deem proper; and if any stockholder shall neglect to pay any installment as required by a resolution of the board of directors, the said board shall be authorized to declare his stock and all previous payments thereon forfeited for the use of the company, and directs the mode of proceeding to forfeit such stock.

The judge, who tried the cause has found that the directors of said company proceeded in accordance with the said statute and forfeited the stock of the respondent and the payment made thereon, on the 9th day of December, 1857, which was done without the procurement or privity of the respondent, and his conclusion is that he was not a stockholder when this action was commenced.   In that conclusion the judge was correct.   This forfeiture relieved the respondent from all liability to the company for the unpaid subscription.   (*Small* v. *Herkimer Manf. Co.*, 2 Coms., 330.)

This was done on the 9th of December, 1857, nearly two years before the action was commenced.   The debt was contracted in January, 1857, while the respondent was a stockholder.   The fact, that the debt did not become due until after the forfeiture was made, does not change the aspect of the question.   It is the same as if the debt had been payable at once, and the appellants had neglected to collect it until

the time this action was commenced. The respondent having been a stockholder after this debt was contracted, it is
insisted on the part of the appellants that under the said section 10 of said act, that the forfeiture did not absolve the
respondent from liability. That he continued liable until his
subscription was paid up, notwithstanding the forfeiture.
This position cannot be sustained. A stockholder continues
liable until his subscription is paid. But when he ceases to
be a stockholder, the statute does not apply. The statute only
speaks of a stockholder. It does not say a subscriber for stock
shall be liable until his subscription is paid. That is in substance
the appellants' position. There is no such statute in substance
or effect. A stockholder is one owning stock. The statute is very
particular in that respect. It says: He shall be liable to an
amount equal to the amount of unpaid *stock held by him*, until
*the stock held by him* shall have been paid, clearly showing the
person contemplated was a person holding stock of the
company.

The statute does not create a lien upon the stockholder's
property, or an absolute debt against him individually, but
creates a contingent liability, that if, while he is a stockholder
and holds unpaid stock, a creditor of the company seeks to
enforce the company's debts against him, he is liable to the
amount of such unpaid stock, dependent on his being deprived
of his stock in any legitimate way. By this forfeiture, the
respondent having ceased to be a stockholder before this
action was commenced, he is not liable. If the judge has
found that this forfeiture was made by collusion and fraud
between the directors of the company and the respondent,
his liability would not cease. The judge has not so found.

The judgment of the General Term should be affirmed.

GROVER, J. The finding and judgment show, that the proceedings to forfeit the stock of the respondent were instituted and conducted in good faith, without any design to
defraud the creditors of the company. The judgment having
been affirmed by the General Term, these facts must be

assumed to be true by this court.   The first inquiry is, whether
these proceedings worked a forfeiture of the stock as between
the respondent and the corporation.   Counsel for the appel-
lant insists that the proceedings of the directors for this pur-
pose were not a compliance with section 7 of the act (3 Statutes
at Large, 619).   That section provides that the directors may
require the subscribers to the capital stock of the company,
to pay the amount by them respectively subscribed, in such
manner and in such installments as they may deem proper.
That if any stockholder shall neglect to pay any installment,
as required by a resolution of the board of directors, the said
board shall be authorized to declare his stock and all previous
payments thereon, forfeited for the use of the company; but
they shall not declare it so forfeited, until they have caused a
notice in writing to be served on him personally, or by
depositing the same in the post-office, properly directed to
him at the post-office nearest his usual place of residence,
stating that he is required to make such payment at the time
and place specified in said notice, and that, if he fails to make
the same, his stock and all previous payments thereon will be
forfeited for the use of the company which notice shall be
served as aforesaid, at least sixty days previous to the day on
which such payment is required to be made.   On the 20th
of August, 1857, the board of directors passed a resolution
directing the treasurer of the company to make a call of one
dollar per share upon the stock of the company upon which
only ten per cent had been paid, payable on the 15th of Sep-
tember then next.   On the 17th of September, 1857, the
directors passed a further resolution, reciting the above and
instructing the treasurer to prepare a notice of forfeiture in
case of non-payment, to be sent to each stockholder, requiring
a payment of one dollar per share, sixty days after such notice,
upon pain of forfeiture in case of non-payment.   Acting upon
this resolution, the treasurer prepared a notice, specifying
that an installment of one dollar per share upon the scrip of
the company had been called by a resolution of the board of
directors and requiring the stockholders to pay the same on

or before the 25th of November next, at the office of the treasurer; and further, that if the stockholders neglected to pay such installment as required, the directors were authorized to declare the stock, and all previous payments thereon, forfeited for the use of the company. This notice was mailed, properly addressed to the respondent, on the 26th of September, who received the same in due course. On the 9th day of December thereafter, the respondent having neglected to pay such installment, the board passed a resolution forfeiting his stock and all previous payments thereon, to the use of the company, providing that if the respondent paid the installment on or before the 20th of December next, he should retain his stock. The respondent failed to pay, and the stock was thereafter, pursuant to the resolution, sold by the company to a remaining stockholder. I think the above proceedings a substantial compliance with the requirements of section 7, *supra*, and that the respondent's stock was thereby legally forfeited. The statute requires no particular form to be pursued by the directors for this purpose. It provides that the notice served shall distinctly inform the stockholder of the amount that he is required to pay and of the time and place of payment, and that, unless such payment be made, his stock will be forfeited. There is no question as to the sufficiency of the notice in the present case, except in the last particular. The statute requires the notice to state, that in case of nonpayment the stock will be forfeited. The notice states that the directors will be authorized to forfeit it. I see no substantial difference in this respect. In case the notice states, as specified in the statute, that the stock will be forfeited, the directors are not bound to proceed after service and consummate the forfeiture; they may, if they choose, drop the proceeding for that purpose, at any period prior to actual forfeiture, and proceed by action to collect the installment. All that such a notice amounts to is, that in case of failure to pay, the directors are authorized, if they choose, to forfeit the stock. That is precisely the effect of the notice in the present case. The statute does not require a copy of the resolution

of the board to be attached to the notice, nor does it give double nor any additional time to the stockholder when service is by mail, and no provision is made in case of such service for the non-receipt of the notice by the stockholder. The respondent's stock having been forfeited, his liability to the company for further payment thereon ceased. (*Small* v. *Herkimer Man. Co.*, 2 Coms., 330.) The question in this case is whether, after all liability to the company had been discharged by a forfeiture of the stock, the respondent continued liable to a creditor of the company whose debt was contracted prior to the forfeiture, but who had commenced no proceedings for its collection against him prior to that time. This depends upon the construction given to section 10, chapter 282, Laws of 1854, Statutes at Large, 696. That section, among other things, provides that each stockholder of every company formed under the act shall be immediately liable to the creditors of such company to an amount equal to the amount unpaid on the stock held by him, for all the debts and liabilities of such company, until the whole amount of the capital stock so held by him shall have been paid to the company. It will aid in the determination of the real question involved, which is, when the right of the creditor against the stockholder becomes absolute, to consider whether the statute creates a new liability in favor of the creditor against such stockholder, or only furnishes a simpler and less expensive remedy to enforce a pre-existing one. Prior to the statute in question, a delinquent stockholder was liable in equity for the payment of the debts of the corporation. (*Mann* v. *Pentz*, 3 Coms., 415; *Morgan* v. *N. Y. & Albany R. R. Co.*, 10 Paige, 290.) The remedy, it will be seen from the cases, was somewhat difficult, although the right of the creditor to enforce payment from delinquent stockholders was as perfect before as since the passage of the statute. This right of the creditor was based upon the debt owing by the stockholder to the company, and existed against all its debtors, irrespective of the consideration of the debts. It was based upon the principle that equity would aid the creditor in the

collection of his debt against the property of his debtor, when his legal remedies had been exhausted without effect. It follows, that there must be an existing liability to the company at the commencement of the proceedings against the stockholder. The apparent design of the statute was to give the creditor a direct action against the stockholder instead of compelling a resort to the more difficult proceedings in equity, often embarrassing as to the necessary parties defendants, and not to confer any new right upon the creditor or impose in this respect any additional liability upon the stockholder. It is clear that, under the statute, no right of action becomes perfect in the creditor against the stockholder, upon contracting the debt by the company, as the stockholder has the right to pay the entire amount owing by him on account of his stock, to the company, at any time before suit brought against him by the stockholder. Were this otherwise, no stockholder would ever be safe in making payment to the company for his stock after its organization. This shows, that the liability of the stockholder to the creditor is inchoate only, until the commencement of an action. But it is said, that this cannot apply to a case of forfeiture of the stock by the company for non-payment of installments, for the reason that by payment to the company, its means of payment of its debts are increased, which is not true in case of forfeiture of the stock. This position is unsound. The power to forfeit, like the power to manage all the affairs of the corporation, is vested in the directors, upon the assumption that they will exercise it in the best manner practicable for the promotion of the interest of the company and its creditors. That they will not forfeit stock unless the interest of all concerned will be promoted thereby. Should they forfeit it for the purpose of defrauding the corporation or any creditor, such forfeiture would, for that reason, be set aside. Again it is said, that the creditor trusts the corporation, upon the faith of this liability of the stockholders to him, and that it would be unjust to deprive him of this remedy by the forfeiture of the stock. The answer to this is, that he can only rely upon the liability of the stock-

holder, subject to the power of the company to discharge the same, by receiving payment, or, if they deem it for the interest of all concerned, forfeiting the stock. This the party dealing with the company is presumed to know, and to rely much more upon the capacity and fidelity of the directors, than upon any liability of the stockholders. Again, when the stockholder has paid in full for his stock, he is entitled to it. This he can never obtain after forfeiture, although compelled to pay the entire price thereof to a creditor of the company. The legislature could never have intended a result so unjust to the stockholder. My conclusion is, that a creditor of the company can only recover from a stockholder the amount due from him to the company for stock at the time of the commencement of the action by him against such stockholder. That in the present case, the liability of the defendant to the company was discharged by the forfeiture of his stock before that time, and that, therefore, the plaintiff was properly non-suited. This makes it unnecessary to discuss the point made by the defendant's counsel, upon the alteration of the charter of the company by the legislature subsequent to the subscription of the defendant. The appellant's counsel insists, that the judge erred in excluding proof of the insolvency of the company at the time of the forfeiture of the defendant's stock. This evidence, if the act of the directors was free from fraud, was wholly immaterial. Such proof alone would not show it to have been done fraudulently. No other proof tending to show fraud was offered in connection with it, nor was any intimation of the purpose for which it was offered given to the court. There was, therefore, no error in its exclusion. The judgment appealed from must be affirmed.

All the judges concurring for affirmance, except HUNT, Ch., J., and WOODRUFF, J., who were for reversal.

Judgment affirmed.