## Case No. 16,799.

### UPTON v. BURNHAM.

[3 Biss. 520;[1] 5 Chi. Leg. News, 485.]

District Court, N. D. Illinois.  May Term, 1873.

LIABILITY OF STOCKHOLDER FOR UNPAID BALANCE—NON-ASSESSABLE STOCK—SUBSTITUTION OF STOCKHOLDER—TRANSFER OF STOCK—ASSESSMENT BY COURT—INTEREST.

1. Under the Illinois statute a stockholder is liable to the creditors of the company for any unpaid balance upon his stock.

2. Though the words "non-assessable" written across the face of the stock certificate might constitute a valid contract as against the company, they are not binding as against the assignee.

3. If the company accept as a stockholder a person to whom the stock has been transferred in blank, he then becomes liable as a stockholder.

[Cited in Re South Mt. Consol. Min. Co., 5 Fed. 405; Bank of Commerce v. Bank of Newport, 11 C. C. A. 484, 63 Fed. 901.]

4. A provision that the stock is transferable only on the books of the company is for the company's protection, and a provision which they can waive, which they do by accepting such transferee. Entering his name by the company upon their books is such waiver as estops them from claiming of the original stockholder.

[Cited in Basting v. Northern Trust Co. (Minn.) 63 N. W. 723.]

5. An order of the court requiring each stockholder to pay a call on his stock within a specified time, is binding upon all the stockholders, whether they receive actual notice or not.

6. A stockholder is liable for interest on the call from the time it was payable.

In bankruptcy. This was an action on the case by Clark W. Upton, assignee of the Great Western Insurance Company, bankrupt, to recover eighty per cent. unpaid on $15,000 of stock held by the defendant. The defendant claimed that though he was the equitable, he was not the legal owner of the stock, which he insisted had never been regularly transferred to him, and therefore he was not liable upon it. The facts appear in the charge, and in the case of Upton v. Burnham [Case No. 16,798], and Same v. Hansbrough [Id. 16,801].

Boutell & Waterman, for plaintiff.

Hitchcock, Dupee & Evarts, for defendant.

BLODGETT, District Judge (charging jury). This suit is brought by the plaintiff, as assignee of the Great Western Insurance Company, to collect a balance of eighty per cent., alleged to be due upon stock in that company held by the defendant.

The undisputed evidence in the case seems to be this: The company issued to one M. F. Hale its certificate for one hundred and fifty shares, of $100 each, of its capital stock, upon which twenty per cent. has been paid, and eighty per cent. is unpaid, the certificate

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

having the words "non-assessable" printed across its face. This stock thus issued to Hale was transferred to one Gunn, by indorsement in blank and delivery, and by Gunn it was transferred, in the same manner, to the present defendant, some time in the spring or early part of the summer of 1871.

The defendant did not present this certificate to the officers of the company for the purpose of having it transferred to him upon the books of the company. The by-laws of the company, it is conceded, required that the stock should be transferred upon the books of the company. About a month after the great fire in Chicago, in October, 1871, he called at the office of the company with the certificate in his possession, and while there, stating to the officers of the company that he held such a certificate, was asked to show it to the stock clerk, as he was called, and that clerk, upon the exhibition of the certificate to him by defendant, entered the name of the defendant as a stockholder upon the books of the company, taking a. memorandum of this certificate, and describing it correctly upon the stock-books.

The charter and by-laws of the company, and various acts of the legislature of Illinois, in regard to the liability of the stockholders of this company, have been put in evidence before you, and they show as a matter of law and fact, that the stockholders of this company are liable for the payment of the eighty per cent. unpaid upon their stock where only twenty per cent. has been paid; or, in other words, that any stockholder is liable for any portion of the unpaid stock held by him.

It is not necessary that I should recapitulate these various items of proof, further than to state to you that they show, not only the power of the company to compel the stockholders to pay what is unpaid upon their stock, but also the duty of the stockholders so to do; and I instruct you as a matter of law, that notwithstanding the words "non-assessable," written or printed across the face of stock certificates issued by the company, still the stockholders are liable to assessment, and are liable to be compelled to pay whatever remains unpaid upon their stock whenever it becomes necessary that such payment should be made for the purpose of discharging the debts of the company. As between the company and its stockholders this contract or agreement, expressed upon the face of the certificate, might be binding; but where necessity arises to collect the assets of the company for the purpose of discharging its liabilities, then the obligation of the stockholders to pay whatever remains unpaid arises.

In this case the company has been adjudicated a bankrupt, and large claims have been proved against it, and it becomes the duty of the assignee, as an officer of the court, to collect from the stockholders whatever remains unpaid.

The question in this case is whether this defendant was a stockholder at the time this suit was brought against him, or at the time this company was adjudicated a bankrupt (February 6, 1872), so as to make him liable upon this certificate.

It is claimed, on the part of the defendant, that he never assented to the entry of his name upon the stock books of this company; that he never became a member of the corporation, and liable to assessment under its by-laws and charter; that he bought this stock upon the market with the intention of transferring it to some other person, as it had been transferred from the original holder to him, and that he has done no acts which make him liable to the company or its creditors.

I feel bound to instruct you, that if you find from the evidence that the company assented to or accepted the defendant as a stockholder, knowing that he was the owner of the stock in question, then he is liable to be called upon for the unpaid portion of that stock. The by-laws and regulations of the company which provide that the transfer of stock should be made only upon the company's books, were made by the company for its own protection, and is a condition which they could waive. It was for them to say whether they would waive it or not. So if it appears to you from the evidence that the company has assented to accept Mr. Burnham, the defendant in this case, as a stockholder, by placing his name upon the books, whether he requested them to do so or not, or whether he even assented, if they knew as a fact that he held stock, and the company assented to his becoming a stockholder by placing his name upon the stock books, such act is a waiver by the company of the clause in the by-laws and certificate which required the transfer to be made only on the books, and from that time forward his liability as a stockholder is fixed.

I will further instruct you that the entry upon the books is evidence of waiver. And the entry of the defendant's name upon the books in place of the original stockholder's, is such an act as will bind the company, and estop it from collecting from the original stockholder.

I further instruct you that the entry of the defendant's name on the books of the company, he being at the time the acknowledged owner of the stock, is an act on the part of the company accepting the defendant as a stockholder. The holder of a stock certificate by assignment and blank transfer, becomes thereby clothed not only with all the rights, but with all the obligations of a stockholder.

The record evidence introduced shows that after the adjudication in bankruptcy the court made an order directing all the stockholders to pay the amount of the call made

upon them within thirty days from the entry of the order. This order was entered on the 14th of July, and the evidence shows that notice was duly forwarded to each stockholder, notifying them of this call. Whether in all cases such notice was received or not, I do not deem material, because I instruct you that every stockholder in this company is bound to take notice of what the court does in winding up the affairs of the company. The order of the court was that all the stockholders should pay on or before the 15th of August.

If you find the defendant was a stockholder, in the light of the evidence and the instructions I have given, you will then compute the interest upon the unpaid portion of the stock, eighty per cent., held by him since the 15th of August, which will be the amount of the verdict.

I am asked to instruct the jury to find specially as follows: "The defendant asks that the jury be instructed to find specially, whether the defendant ever authorized or assented to the transfer on the books of the company." As I do not deem this question material, I will not submit it for a special finding. Also, "whether the defendant waived a formal transfer, and whether there was any transfer so as to make him a stockholder." This is also deemed immaterial, and I decline to submit it for a special finding.

Verdict for the plaintiff for $12,552.

NOTE. This case is now pending in the supreme court, on appeal. [Unreported.] It is held that one whose shares have been forfeited by the company for non-payment of calls, is not a stockholder, nor liable to the creditors of the company, even though the debt was contracted before the stock was forfeited. Mills v. Stewart, 41 N. Y. 384.

The court of appeals of New York, in a case where there had been no legal transfer of the stock, and where the statute provided that stock should be transferred only in a certain manner, has lately held that such provisions are for the benefit of the company and may be waived, and that where an equitable transferee is recognized as the owner, he becomes the stockholder in place of the original owner. Isham v. Buckingham, 49 N. Y. 216.