Doyle, J.
We are asked to reverse the .findings and judgment-of the district court.. -First. Because the finding of facts is against the preponderance of the testimony; and, Second. Because the judgment upon those facts is against the law.
1. The rule announced in Landis v. Kelly, 27 Ohio St. 567 and so often re-affirmed by this court, is peculiarly applicable to this case. Upon the issue presented the burden of proof was upon the plaintiff to establish that the bank was a stockholder, at such time as rendered it liable to creditors of the corporation. The court found from the testimony that the bank held the stock as collateral security, for a debt fine from the owner, but was not, itself, such owner. That finding is in accord with the testimony offered by the bank. That there was a conflict of testimony furnishes no ground for reversing-that finding by this court. It must appear from the record that the finding or verdict is clearly against the preponderance of testimony. We .are unable to say that, from the record in this case. See McGatrick v. Wason, 4 Ohio St. 567; Kane v. Stone Co., 39 Ohio St. 1; Scott v. Perlee, 39 Ohio St. 63.
2. The general rule, independent of statutory provision, is that the liability to pay calls and • to respond, in the event of insolvency, to creditors, attaches to the holder of the legal title only. The courts will not (save in exceptional cases) look beyond1 the registered shareholder; and it matters not whether such registered shareholder be a mere trustee for another, of a pledgee, holding the stock as collateral security. He is liable as a stockholder and must look to his cestui que trust, or pledgor, for such indemnity or reimbursement as he may be. entitled to. Thompson’s Liability of Stockholders, § 178 ; Adderly v. Storm, 6 Hill, 624; Empire City Bank, 18 N. Y. 223; Mills v. Stewart, 41 N. Y. 384; Wheelook v. Kost, 77 *553 Ill. 296 ; Hale v. Walker, 31 Iowa, 344; 49 Maine, 315 ; 1 Otto, 56; 42 Conn. 560.
One exception to this general rule, is where stock has been fraudulently transferred to escape responsibility and at the same time retain the advantages of a stockholder. There may be others, but the general rule is as stated. The rule as now declared in this state by section 3259 Revised Statutes is :
“ The term ‘ stockholders ’ as used in the- preceding section shall apply not only to such persons as appear by the books of the corporation to be such, but. to any equitable owner of stock, although the stock appears on the books in the name of another.”
But neither' under the general rule stated nor the rule thus fixed by statute, is one who holds the shares of stock merely as collateral security for a debt, without a transfer thereof to him on the books of the company, the legal or equitable owner of such stock. He would not be entitled to vote upon it as against his pledgor, and if ho received any dividends the same would be credited upon the debt, as security for which he held it. Under this statute, in going beyond the registered owner it is for the purpose of finding the real owner. Neither the language of the constitution (art. 13, § 3) nor the statute R. S. §§ 3258-3260 requires us to hold that this species of property may not be used as a pledge or security for a debt, without subjecting the pledgee or creditor to liability for debts of the corporation which he has nothing to do with contracting, and in which corporation he is not entitled to the privileges of a member. Such creditor or pledgeelias the option, in a case like the one at bar, to perfect his security by investing himself with the legal title, with its attending liability to creditors in the event of the insolvency of the corporation, or to hold the shares as pledgee merely, doing no acts which as to creditors will estop him from denying his -ownership, assuming thereby whatever risk there may be, from rights of third parties intervening, to have - his security impaired..

Judgment affirmed.