B. L. ROWLAND *et al., as Partners, etc.,* v. THE FOREST PARK CREAMERY COMPANY *et al.*

No. 15,715.   (99 Pac. 212.)

SYLLABUS BY THE COURT.

1. CONSTITUTIONAL LAW—*Self-executing Provisions—Liability of Corporate Stockholders.* Section 2 of article 12 of the constitution of this state is not self-executing, but amounts to a mere direction to the legislature, and its provisions are ineffectual until enforced by appropriate legislative action. The liability of stockholders therein provided may be imposed, modified or withdrawn at the will of the legislature whenever vested rights are not thereby affected injuriously.

2. ——— *Impairment of Contractual Obligations.* Where a statute imposing a double liability upon stockholders has been repealed, a creditor whose claim against the corporation originated after such repeal has no vested right under the law repealed, and can not be injured thereby.

3. CORPORATIONS—*Liability of Stockholders.* The Forest Park Creamery Company was incorporated and its stock issued while sections 1302 and 1315 of the General Statutes of 1901 were in force. On March 17, 1903, these sections were repealed by chapter 152 of the Laws of 1903. *Held,* that a

creditor whose claim against the corporation originated after such repeal is not entitled to the rights against stockholders provided by the repealed sections.

Error from Franklin district court; CHARLES A. SMART, judge. Opinion filed December 12, 1908. Affirmed.

*J. W. Deford,* for plaintiffs in error.

*F. M. Harris,* for defendants in error.

The opinion of the court was delivered by

GRAVES, J.: Rowland & Moyer, a partnership, recovered judgment against the Forest Park Creamery Company, a corporation. The company being insolvent, plaintiffs were unable to collect the judgment by ordinary execution, and made application to the district court of Franklin county for a receiver, under the provisions of section 1302 of the General Statutes of 1901, which reads:

"If any execution shall have been issued against the property or effects of a corporation, except a railway or a religious or charitable corporation, and there can not be found any property upon which to levy such execution, such corporation shall be deemed to be insolvent; and upon application to the court from which said execution was issued, or to the judge thereof, a receiver shall be appointed, to close up the affairs of said corporation. Such receiver shall immediately institute proceedings against all stockholders to collect unpaid subscriptions to the stock of such corporation, together with the additional liability of such stockholders equal to the par value of the stock held by each. All collections made by the receiver shall be held for the benefit of all creditors, and shall be disbursed in such manner and at such times as the court may direct. Should the collections made by the receiver exceed the amount necessary to pay all claims against such corporation, together with all costs and expenses of the receivership, the remainder shall be distributed among the stockholders from whom collections have been made, as the court may direct; and in the event any stock-

holder has not paid the amount due from him, the stockholders making payment shall be entitled to an assignment of any judgment or judgments obtained by the receiver against such stockholder, and may enforce the same to the extent of his proportion of claims paid by them."

This application was made upon the theory that the stockholders were liable for this debt by force of the provisions of section 1315 of the General Statutes of 1901, commonly known as the "double liability law," which reads:

"The stockholders of every corporation, except railroad corporations or corporations for religious or charitable purposes, shall be liable to the creditors thereof for any unpaid subscriptions, and in addition thereto for an amount equal to the par value of the stock owned by them, such liability to be considered an asset of the corporation in the event of insolvency, and to be collected by a receiver for the benefit of all creditors."

This application was denied by the district court upon the ground that these sections were repealed March 17, 1903, and the liability upon which the judgment was obtained arose since such repeal. This action of the court is complained of, and constitutes the error presented. It appears that the creamery company was incorporated and its stock issued long before these sections of the statute were repealed. Several months after March 17, 1903, the creamery company became financially embarrassed, and determined to sell its plant. Rowland & Moyer, real-estate agents, were employed to effect a sale thereof, which they did, and thereby became entitled to a commission therefor. Payment being refused, they obtained the judgment now sought to be enforced.

It is insisted by the plaintiffs that, as the stock now held and owned by the stockholders of the creamery company was taken by them while the double liability law was in force, this statute and section 2 of article 12

of the constitution, which reads, "Dues from corporations shall be secured by. individual liability of the stockholders to an additional amount equal to the stock owned by each stockholder, and such other means as shall be provided by law; but such individual liabilities shall not apply to railroad corporations, nor corporations for religious or charitable purposes," created an obligation contractual in its nature, which could not be repealed without violating the provision of the federal constitution prohibiting the enactment of laws impairing the obligation of contracts.

As an abstract legal proposition this contention may be correct, but it has no application here. It may be that contracts made and obligations entered into by the creamery company while the double liability law was in force would carry with them as security the double liability of the stockholders, even after the law creating such liability had been repealed, because of the familiar rule that the law in force at the place where a contract is made enters into and forms a part of the obligation. · This rule, however, does not apply to laws which have been repealed at the time the contract is made, and therefore the double liability provided by this statute has no application to obligations incurred or contracts entered into after its repeal. It follows that the enactment or repeal of a statute can not impair the obligation of a contract which is not in existence. The constitutional provision of our state above quoted, being section 2 of article 12, has no force of itself in creating or protecting creditors or stockholders. Whether or not stockholders are liable, as stated in the constitutional provision, depends upon the legislature, and it can impose or withdraw such liability at pleasure. This question was discussed in the case of *Woodworth v. Bowles*, 61 Kan. 569, 60 Pac. 331. In the opinion it was said:

"But we are constrained to hold that the constitutional provision in question is not self-operative. It

does not execute its own commands and can only be regarded as a direction to the legislature. As a rule, constitutional provisions, unless expressed in negative form or possessed of a negative meaning, are not self-assertive. They usually assume the form of a command to the legislature, and legislative action becomes necessary to give them effect. The one under consideration is an instance of the latter kind. The constitution does not ordain in terms of the present tense the individual liability of stockholders for the debts of corporations, but it ordains it in terms of the future tense. It declares that 'dues from corporations *shall be secured,*' etc., not that 'dues from corporations are secured.' When the constitution declares that a right shall be secured or a thing shall be done, it means that it shall be secured, or shall be done, by the legislature. In such cases, the constitution places upon the legislature the obligation to carry out its ordinances by appropriate enactment." (Page 574.)

This decision was followed in *Henley v. Stevenson,* 67 Kan. 4, 72 Pac. 518, and *Henley v. Myers,* 76 Kan. 723, 93 Pac. 168, 173. The existence or non-existence of a stockholder's double liability, therefore, depends upon whether it is imposed by a statute or not. There are similar constitutional provisions in other states which, because of the difference in the language used, have received a different interpretation from the one given by this court in the foregoing cases. We have been referred to several cases, among which are *Platt v. Wilmot,* 193 U. S. 602, 24 Sup. Ct. 542, 48 L. Ed. 809, *Christopher v. Norvell,* 201 U. S. 216, 26 Sup. Ct. 502, 50 L. Ed. 732, and *Bernheimer v. Converse,* 206 U. S. 516, 27 Sup. Ct. 755, 51 L. Ed. 1163, which, it is claimed, hold that the relation between stockholders and the creditors of a corporation are so far contractual in their nature that the rights of creditors to the security furnished by the double liability statute and the remedy thereunder can not be withdrawn or unreasonably impaired by subsequent legislation. We see nothing in this inconsistent with the holding of the district court in this case.

If the creamery company had creditors who became such before the double liability law was repealed their rights could not be disturbed thereby, but the legislature had full authority to repeal the law at any time; and while such repeal might not affect existing creditors, it would deprive future creditors of that security. Persons who dealt with this corporation after the stockholders' double liability was repealed, as these plaintiffs did, have no reason to complain. They were charged with full knowledge of the situation. They had no reason to suppose that they would be benefited by a law which no longer existed. The repeal did not affect their rights injuriously, for whatever rights they had originated long after the repealing act went into force. In all the cases to which we have been referred, and in all other cases which we have examined, where the power of the legislature to impair or disturb the rights of the creditors of a corporation has been denied, reference was made to creditors whose rights were acquired prior to the legislative action complained of, and not to those whose rights were acquired afterward.

We concur in the conclusion of the district court, and its judgment is affirmed.

BENSON, J., not sitting.