Bicknell v. Altman.

---

GEORGE BICKNELL et al., Appellees, v. J. E. ALTMAN et al., Appellants.

No. 16,184.

CORPORATIONS—*Liability of Stockholders.* Holders of fully paid up stock held not to be individually liable to the creditors of a corporation, in the absence of a statute creating such liability.

Appeal from Barton district court; JERMAIN W. BRINCKERHOFF, judge. Opinion filed December 11, 1909. Reversed.

D. A. Banta, for the appellants.

*Per Curiam:* Several stockholders of a Kansas corporation which was organized in 1905 guaranteed its notes, and on its default were compelled to pay them. The corporation being insolvent, its affairs were wound up by a receiver. Some of the stockholders, including the guarantors of the notes, voluntarily contributed an amount equal to their stock to increase the fund from which the corporate debts were to be paid. The assets of the corporation, with this increase, being insufficient to meet its obligations, the guarantors brought action against the stockholders who had refused to make any such contributions, seeking to recover from each a sum

equal to the amount of his stock (which was fully paid up), so far as might be necessary for their own reimbursement. The trial court overruled a demurrer to a petition stating these facts and the defendants appeal.

The present constitution limits the liability of stockholders for the debts of a corporation to the amount of their stock. (Laws 1905, ch. 542.) In 1905, when the corporation in question was created, the former constitutional provision (original § 2, art. 12) relating to an additional liability was still in force, but was not self-operating, and required an act of the legislature to give it effect. (*Woodworth v. Bowles,* 61 Kan. 569.) All the statutes on the subject had been repealed. (Laws 1903, ch. 152.) In the absence of any legislation the stockholder's responsibility to the creditors of the corporation ended when his stock had been fully paid up. (10 Cyc. 649.) The petition therefore stated no cause of action.

The judgment is reversed, with directions to sustain the demurrer.