No. 23,916.

THE STOCKYARDS STATE BANK, *Appellee,* v. CHARLES E. FRANK, *Appellant.*

SYLLABUS BY THE COURT.

PROMISSORY NOTE—*Unauthorized Provision Inserted by Maker.* An officer of a bank may not, without privity of any other officer or agent, bind the bank by inserting in his note to it the words: "This note was given for assessment on stock, and is payable out of the earnings thereon."

Appeal from Sedgwick district court, division No. 1; THOMAS E. ELCOCK, judge. Opinion filed October 7, 1922. Affirmed.

*A. V. Roberts, J. N. Haymaker,* and *R. E. Angle,* all of Wichita, for the appellant.

*J. A. Brubacher, J. Wirth Sargent,* and *I. N. Williams,* all of Wichita, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover on a promissory note given by the defendant to the plaintiff. Judgment was rendered against the defendant, and he appeals.

The defendant was vice president of the bank, and owner of eighteen shares of its corporate stock of the par value of $100 per share. The bank made a sixty per cent assessment upon its stock, and the defendant gave his note for $1,080, the amount due from him. The note sued on was a renewal note, given August 1, 1916, and bore indorsement of payment in the sum of $860, made on October

12, 1916. The prayer of the petition was for $220 and interest. The defense was payment out of dividends on the defendant's stock.

On October 12, 1916, the defendant sold his stock for $4,860, or $270 per share. The purchaser paid the price by taking up a note of the defendant for $4,000, given to another bank, and by paying the amount indorsed on the note sued on. When the note sued on was introduced in evidence, the following words appeared just above the defendant's signature: "This note was given for assessment on stock, and is payable out of the earnings thereon." The defendant testified the quoted words were in both the original note and the renewal note when he excuted them. There was evidence the words were not in the original note. The defendant remained in the bank, acting as one of its officers, for two or three days after he sold his stock. During that period he had the note in his possession as such officer, and there was evidence the words were added to the note within that period. Afterwards dividends were declared which the bank did not retain and apply on the note. The district court solved the controversy by a general finding in favor of the bank.

The defendant says the note was without legal force because given for a double liability assessment made contrary to the constitution. When the defendant's brief was written, the final opinion of this court in the case of *Bank v. Laughlin,* 111 Kan. 520, 207 Pac. 433, had not been published.

The defendant makes no contention that any officer or agent of the bank other than himself was privy to the addition to the note and, under the district court's finding, the defendant, as an acting officer of the bank, undertook to relieve himself of personal liability on his own note. Manifestly the attempt was nugatory.

The defendant says the bank ratified the addition, and is estopped to dispute its valid incorporation into the note. There was no evidence of ratification or estoppel beyond the fact that suit was not brought immediately after maturity of the note, a fact insufficient to support either assertion.

The action was commenced in the city court of Wichita, and was taken by appeal to the district court. The facts in reference to the addition to the note were developed without objection, in a trial of the issue of payment, and the district court was authorized to disregard the addition, without formal pleading that it formed no part of the contract, and without reforming the instrument.

The judgment of the district court is affirmed.