## HERMAN ZANDER v. CHARLES A. SCHUNEMAN.[1]

February 25, 1927.

No. 25,876.

**Where signature of articles is equivalent to subscription for stock.**

1. Where it is voted by the stockholders of an existing corporation
to organize a new corporation for the purpose of taking over the stock
of the old corporation, the stockholders thereupon signing articles of
incorporation in the new company is equivalent to a subscription for
stock in the new company.

**Number of shares subscribed for.**

2. A stockholder attending such a stockholders' meeting and par-
ticipating therein, and immediately thereafter signing the articles of
incorporation in the new company, is deemed to have subscribed for the
amount of stock which he held in the old, which constitutes him a
stockholder in the new.

**Finding sustained that appellant was liable for assessment.**

3. Evidence sufficient to sustain the findings of the trial court that
appellant was a stockholder in the respondent company and liable to
assessment therein.

Corporations, 14 C. J. p. 514 n. 82; p. 1129 n. 65.

---

See 7 R. C. L. 298.

---

Defendant appealed from an order of the district court for Doug-
las county, Nye, J., denying his motion for a new trial. Affirmed.

*Constant Larson*, for appellant.

*Grimes & Maxwell*, for respondent.

[1]Reported in 212 N. W. 587.

QUINN, J.

Action to enforce statutory liability of a stockholder for the debts of an insolvent corporation. The trial court found that as a matter of fact appellant was the owner of 15 shares of stock of the par value of $50 per share and ordered judgment against appellant for $750. The appeal is from an order denying appellant's motion for a new trial.

The appellant owned stock in the Kensington Mills, Incorporated, of the par value of $750. A stockholders' meeting of this company was held on March 26, 1921, which a majority of all of its stockholders attended. At this meeting a resolution was offered and adopted without a dissenting vote. The appellant was present but it does not appear whether or not he voted. The material parts of the resolution are as follows:

"1. That a co-operative association (which may also hereinafter be referred to as a new corporation), shall forthwith be formed to take over the property, assets, liabilities and other matters of the Kensington Mills, Incorporated, said new corporation therein to take over said property and other said matters and acquire and take over all outstanding stock interests in said Kensington Mills, Incorporated."

"4. That an exchange of stock in said new corporation be and the same is hereby authorized and directed for all outstanding stock in said Kensington Mills, Incorporated, at par for par, that is, for each dollar at par of said Kensington Mills, Incorporated, stock, like amount at par of said new corporation stock shall be issued and exchanged."

"7. That said new corporation for doing the foregoing things and carrying the same out shall take over the property, and assume the liabilities of said Kensington Mills, Incorporated, and deeds and other conveyances and papers shall be forthwith made to effectuate all thereof.

"8. The officers and directors of said new corporation and of said Kensington Mills, Incorporated, are hereby authorized and directed

to forthwith do all things and take all steps necessary to carry out all the foregoing parts of this resolution. Dated at Alexandria, Minnesota, this 26th day of March, 1921."

Following the adoption of this resolution, articles of incorporation for the new company were produced and the stockholders of the old company present, including appellant, signed and acknowledged the same. It is not contended that appellant ever subscribed or paid for any stock in the new company or that he ever received any certificates for any stock therein. He in no way participated in the management or affairs of the new company after signing the articles, nor did he deliver his certificates of stock in the old company to the new. Prior to March 26, 1921, he had left his certificates in the old company with Herman Zander, his lawyer, with directions to bring suit against that company for alleged fraud. No such suit was ever commenced and, immediately after the signing of the articles in the new company, appellant demanded of Zander the return of such certificates, which was refused upon the ground that he, Zander, had some fees coming.

Zander became president of the new company, then receiver, and afterwards plaintiff in this action. On May 18, 1921, Zander, as president of the new company, assisted by its secretary, issued a large number of certificates of stock to the various members of the new company including appellant, but none of such certificates were ever tendered or delivered to appellant, nor was he notified that they had been issued. The appellant testified that, at the time he signed the articles, he asked Zander, who had been his lawyer and in whom he had confidence, whether there was any liability in signing the same, and that Zander assured him that he would incur no responsibility in signing the same, that "it is just to give the old company a new name so it will do business. Upon these matters, appellant's testimony is uncontroverted.

The articles which appellant signed provided that the time of the commencement of the association should be when 20 per cent of the capital stock provided had been subscribed and paid for. However we are of the opinion that the appellant's connection with the pas-

sage of the resolution and the signing of the articles was equivalent to subscribing for stock in the new company. It followed immediately the passing of the resolution which clearly provides for the receiving of stock in the new concern to the amount held by each member in the old. This being true, the appellant must be deemed to have intended to take and accept the arrangement expressed in the resolution, which necessarily leads to an affirmance of the order appealed from.

Affirmed.