HERMAN ZANDER v. THEODORE L. PETERSON.[1]

May 18, 1928.

No. 26,673.

**Finding sustained that defendant became stockholder in co-operative corporation.**

1. The evidence sustains the finding that defendant had become a stockholder in the co-operative domestic corporation of which plaintiff is receiver.

**Constitutional liability of stock cannot be lessened by act of legislature or otherwise.**

2. The provision in G. S. 1923, § 7836, for forfeiting and retiring the stock of an offending stockholder does not free him from the double liability imposed by Const. art. 10, § 3.

Corporations, 14 C. J. p. 1007 n. 97; p. 1129 n. 65.

[1]Reported in 219 N. W. 466.

Defendant appealed from a judgment of the district court for Douglas county, Nye, J. entered in favor of plaintiff as receiver of the Four County Farmers Mill Co-operative Association. Affirmed.

*Leach & Swore,* for appellant.

*Grimes & Maxwell,* for respondent.

HOLT, J.

Appeal from a judgment rendered against defendant in an action by the receiver of a domestic co-operative corporation to enforce the stockholders' so-called double liability.

The one defense, that defendant never was a stockholder in the corporation, is based upon the same facts and circumstances which in Zander v. Schuneman, 170 Minn. 353, 212 N. W. 587, failed. Here, as there, the defendant executed the articles of incorporation wherein he was designated a director. Defendant testified that he signed the articles upon the same misrepresentations made by the president of the corporation to Schuneman. If anything, the proof that this defendant was a stockholder was stronger than it was as to Schuneman.

But even so, defendant claims that his ownership of the stock was forfeited and liability thereon was wiped out in accordance with a statute applicable to stockholders in corporations such as the one here in question. Part of L. 1919, p. 404, c. 382, § 3 (G. S. 1923, § 7836) reads:

"Any stockholder who knowingly, intentionally or repeatedly violates the provisions of the by-laws adopted by any co-operative association organized under this act may be required by the board of directors of such co-operative association to forfeit his stock, in which case the association shall refund to such stockholder the par value of his stock or in case the book value of such stock shall be greater than the par value, such stockholder shall be paid the amount of the book value of such stock. Stock so forfeited shall be retired and cancelled by the board of directors and such stockholders shall thereafter have no rights, privileges or benefits in such co-operative association."

The liability sought to be enforced is imposed by the constitution in favor of the creditors of the corporation (art. 10, § 3). Any attempt by the legislature to circumvent its effect has been held void. Anderson v. Anderson Iron Co. 65 Minn. 281, 68 N. W. 49, 33 L. R. A. 510. But it is not necessary to charge the legislature with an intent to open the door by which stockholders in co-operative corporations may evade the liability affixed by the constitution. While the statute speaks of forfeiting the stock and its retirement and cancelation by the corporation, it purports to deal no further in respect to the consequences upon the offending stockholder than to terminate his rights, privileges and benefits in the corporation. Nothing is said about the constitutional liability of the stockholder to the creditors of the corporation. That liability being a self-executing constitutional imposition, no legislature should be charged with an intention to affect or modify it in any form. This statute no more terminates the stockholder's so-called double liability than would the sale of his stock on execution. It would be entirely logical to say that stock forfeited to the corporation and retired under the authority of a statute is completely wiped out so that no liability may be predicated thereon, provided the legislature were not restrained by higher authority. There was no constitutional barrier preventing the operation of the statute forfeiting stock in Mills v. Stewart, 41 N. Y. 384, a case upon which appellant relies. Crissey v. Cook, 67 Kan. 20, 72 P. 541, also cited, does not aid appellant.

Kansas had a provision in its constitution which read: "Dues from corporations shall be secured by individual liability of the stockholders to an additional amount equal to the stock owned by each stockholder, and such other means as shall be provided by law." In Woodworth v. Bowles, 61 Kan. 569, 60 P. 331, this provision was considered not self-operative, and legislative action was held necessary before creditors could benefit. See to the same effect, Rowland v. Forest Park Creamery Co. 79 Kan. 134, 99 P. 212; Bicknell v. Altman, 81 Kan. 436, 105 P. 694.

Our constitution (art. 10, § 3) provides:

"Each stockholder in any corporation, excepting those organized for the purpose of carrying on any kind of manufacturing or mechanical business, shall be liable to the amount of stock held or owned by him."

It is argued that where the stock has been forfeited it is not "held or owned" by the former stockholder or by anyone, and there is nothing upon which this part of the constitution operates. The answer is that as to creditors of the corporation the constitution imposed the liability when the person acquired the status of stockholder, which liability neither the legislature nor any transaction between the corporation and the stockholder may remove to the prejudice of the creditors who do not in some manner consent thereto. N. W. Trust Co. v. Bradbury, 117 Minn. 83, 134 N. W. 513, Ann. Cas. 1913D, 69. But it is contended that creditors who become such of co-operative corporations consent that stock may be forfeited as stated in the law, and therefore may not insist on the right guaranteed them by the constitution. This argument ought not to prevail in view of the holding that the legislature is powerless to grant immunity from the constitutional liability imposed upon stockholders in corporations other than those the constitution itself excepts.

The judgment is affirmed.