No. 30,106.

Hugh M. Thompson, *Appellant,* v. John B. Beyer, and John B. Beyer and Mary Lillian Owens, Administrator and Administratrix of the Estate of D. N. Beyer, Deceased, *Appellees.*

No. 30,107.

Jennie E. Darr, Administratrix of the Estate of Oscar Darr, Deceased, *Appellant,* v. J. B. Beyer, and J. B. Beyer and Mary Lillian Owens, Administrator and Administratrix of the Estate of D. N. Beyer, Deceased, *Appellees.*

(4 P. 2d 426.)

Opinion filed November 7, 1931.

*I. T. Richardson,* of Emporia, for the appellants.

*W. C. Harris* and *W. L. Harris,* both of Emporia, for the appellees.

The opinion of the court was delivered by

SLOAN, J.: These were actions to enforce an equitable contribution among the makers of certain promissory notes. The two cases have been consolidated and the petitions contain the same allegations, except as will be hereinafter noted.

The allegations of the petitions are in substance as follows: Oscar Darr, D. N. Beyer, J. B. Beyer, L. A. Pendergraft, B. A. Talbott, John Wingert, A. B. Smith, H. M. Thompson and Henry Lynn were stockholders, directors and officers of the Patrons Elevator Company, a corporation organized and existing under the laws of the state of Kansas, and conducting its business at Plymouth, Kan.; that D. N. Beyer is deceased and his estate is in process of probation in the probate court of Chase county, Kansas, and J. B. Beyer and Mary Lillian Owens are the duly appointed and acting administrators of said estate; that the plaintiff, Jennie E. Darr, in due time as provided by law, exhibited her claim to J. B. Beyer and Mary Lillian Owens, administrators of the estate of D. N. Beyer, deceased, which was filed in the probate court of Chase county and was by said court on the 9th day of October, 1930, dismissed for failure to prosecute in said court. The exhibits attached show that the administrators were appointed some time prior to October 5, 1929.

It is further alleged that during the year 1928 the corporation was in need of funds with which to conduct its business, and that the parties herein named as stockholders, directors and officers executed promissory notes to the Citizens National Bank in the amount of $10,500; that the money advanced on the notes by the bank was deposited to the credit of the corporation and was used by it in carrying on its business, and it received the full use and benefit of all sums received from said promissory notes, although the corporation did not sign the notes and was not a party thereto. The notes matured in due course and were not paid. The bank sued the makers of the notes and in that suit, on application of the makers, the corporation was made a party and the makers filed a cross petition alleging that the notes were in fact the obligation of the corporation, and that the makers were accommodation makers and asked that they have judgment over against the corporation. Judgment was rendered in favor of the bank against the makers for the sum of $10,982.40, with interest at ten per cent until paid. The court

found that the makers, while primarily liable to the bank, were in fact accommodation makers and were entitled to a judgment against the corporation, which was entered. At the time of the rendition of the judgment and ever since said date the Patrons Elevator Company was and is insolvent and without any funds whatsoever with which to pay the judgment, and to avoid the issuance of an execution the plaintiff, Jennie E. Darr, administratrix of the estate of Oscar Darr, the administrators of the estate of D. N. Beyer, B. A. Talbott, J. B. Beyer and H. M. Thompson, paid the judgment, each paying $1,971.02.

It is further alleged that the estate of Oscar Darr owned 15 shares of the stock of the corporation; that J. B. Beyer owned 97 shares; that D. N. Beyer estate owned 222 shares, D. A. Talbott owned 14 shares and H. M. Thompson owned 29 shares, aggregating 377 shares; that the plaintiff, H. M. Thompson, paid one-fifth of the judgment, while in fact he should have paid 29-377, or $873.48, and he is entitled to contribution from the defendants in the sum of $1,097.74; that the plaintiff, Jennie E. Darr, paid one-fifth of the judgment, while in fact she should have paid 15-377, or $451.80, and that she is entitled to contribution from the defendants in the sum of $1,469.22.

The defendants demurred to the petition on the ground that the same did not state nor tend to state a cause of action in favor of the plaintiffs and against the defendants. The court sustained the demurrer, and from this order the plaintiffs have appealed.

The appellants' theory is, since the corporation received the proceeds of the loan and appropriated it to its own use, that the makers of the notes should contribute to the payment of the notes in the same proportion that the stock owned by each of them bears to the number of shares owned by the payers of the notes.

The facts as alleged in the petition are that the notes were executed by the parties to this action, and others, in their individual capacity. It was the personal obligation of each signer of the note. The corporation received and used in its business the proceeds of the loan. Upon the payment of the notes the corporation was liable to the payers for the amount of the notes, which had been reduced to judgment. The payers were then creditors of the corporation. Can the stockholders of the corporation, under such circumstances, be required to contribute on the basis of the stock owned by them? We think not. While the doctrine of equitable contribution is not

founded on contract it must, however, arise from the legal situation and relationship of the parties. (13 C. J. 821.) The legal relationship of the parties as shown by the petitions does not invoke the aid of the equitable principle. The law of this state is settled beyond any question that a stockholder of a corporation, other than banking corporations, is not liable to contribute to the creditors of the corporation. The extent of their liability is the payment for the stock.

In the case of *Bicknell v. Altman*, 81 Kan. 436, 105 Pac. 694, the stockholders of a Kansas corporation guaranteed its notes. Some of the stockholders, including the makers of the notes, voluntarily contributed an amount equal to their stock to increase the fund from which the corporate debts were to be paid. Suit was filed against other stockholders to compel contribution. This court said:

"The present constitution limits the liability of stockholders for the debts of a corporation to the amount of their stock. (Laws 1905, ch. 542.) In 1905, when the corporation in question was created, the former constitutional provision (original § 2, art. 12) relating to an additional liability was still in force, but was not self-operating, and required an act of the legislature to give it effect. (*Woodworth v. Bowles,* 61 Kan. 569.) All the statutes on the subject had been repealed. (Laws 1903, ch. 152.) In the absence of any legislation the stockholder's responsibility to the creditors of the corporation ended when his stock had been fully paid up. (10 Cyc. 649.)˙ The petition therefore stated no cause of action." (p. 437.)

This case was cited and approved in the case of *Bank v. Laughlin*, 110 Kan. 559, 207 Pac. 433, and is the law of this state.

There is a further contention on the part of the appellant in the Jennie E. Darr case, No. 30,107. In this petition it is alleged:

"That theretofore, on the — day of ——, 1930, in pursuance to an arrangement between plaintiff and the other signers of the notes, whereby it was orally agreed that for the purpose of reducing and materially discharging said indebtedness, it would require slightly more than $10 per share for each share of stock in said corporation, and that they would pay in such amount and join in a request to the balance of the stockholders of the corporation to do likewise, said agreement being oral, and plaintiff did pay to the treasurer of said Patrons Elevator Company, the sum of $150. . . . . Notwithstanding, neither J. B. Beyer nor the D. N. Beyer estate paid in any portion of their said *pro rata* share as per said agreement."

From the allegations of the petition and the exhibits thereto attached it is clear that D. N. Beyer died some time prior to October 5, 1929, and consequently he could not have been a party to this agreement, and there is no allegation that the agreement was made

with anyone but the signers of the notes. As to the appellee, J. B. Beyer, the allegations of the petition are that he owned ninety-seven shares of stock and paid on the judgment, $1,971.02. This is more than $10 per share on the stock owned by him. Consequently, this charge in the petition must fall of its own weight.

The judgment of the district court is affirmed.